GAUDIN, Judge.
This is a suit on an open account filed by Bio-Medical Laboratories, Inc., against various named defendants.
In support of its claim, Bio-Medical Laboratories produced its credit manager, who testified that the balance due was $8,787.90.
During cross examination of this witness, defendants produced a $250 check, drawn by defendant Medco Management Corporation and payable to Bio-Medical Laboratories. On the front side of the check are the typewritten words “In Pull.”
Over objection, defendants introduced the check and contend that it was tendered as payment in full of the account.
In addition, defendants introduced, also over objection, an undated copy of a letter supposedly sent to Bio-Medical Laboratories’ auditor in which the $250 check is referred to as “full settlement of the matter.”
Plaintiff denied receipt of the document. The author of the letter was not called as a witness, and there was no testimony or evidence showing that the letter had in reality been mailed.
Following trial, a judgment was rendered against the plaintiff, dismissing the suit because “. . . the debt was paid in full.”
Bio-Medical Laboratories bases its appeal on the procedural fact that in none of the answers filed by the defendants was the defense of full or partial compromise or extinguishment of the debt raised.
We agree with the correctness of plaintiff’s position. Code of Civil Procedure Article 1005 reads:
“The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction or compromise, and any other matter constituting an affirmative defense. If a party has mistakenly designated an affirmative defense as an incidental demand, or an incidental demand as an affirmative defense, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation.” LSA-C.C.P. Art. 1005.
The various answers, generally, denied the petition’s allegations; and none of them was concerned with an affirmative defense of debt reduction or extinguishment. The trial judge should not have considered either the $250 check or the carbon copy of the undated letter.
Accordingly, the judgment appealed from is reversed, and judgment is hereby rendered in favor of Bio-Medical Laboratories, Inc., and against Robert Harvey, Dr. Frank M. Chalaire, Medco Management Corporation, individually and doing business as the Claiborne Medical Center, in the full sum of EIGHT THOUSAND SEVEN HUNDRED EIGHTY-SEVEN AND 90/100 ($8,787.90) DOLLARS plus legal interest from date of judicial demand until paid, and all costs of this proceeding.

REVERSED.

STOULIG, J., concurs with written reasons.